**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0982-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL L. METCALFE,

    Defendant-Appellant.

_____

> Submitted October 27, 2025 – Decided December 5, 2025
>
> Before Judges Natali and Walcott-Henderson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 24-019.
>
> Ray Raya, attorney for appellant.
>
> Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel; Ryan Corbin, Legal Assistant, on the brief).

PER CURIAM

Defendant Michael L. Metcalfe appeals from an October 28, 2024 order finding him guilty of disorderly conduct, N.J.S.A. 2C:33-2(a)(1), for engaging in drunk and disorderly conduct in Asbury Park on Saint Patrick's Day in 2023. He argues the State failed to prove his conduct was purposeful under the governing statute. We disagree and affirm.

I.

The relevant facts are not disputed. Defendant was in Asbury Park on Saint Patrick's Day in the area of Capitoline on Cookman Avenue when he encountered Officer Ahmed Lawson, a member of the Asbury Park Police Department. At the time, Capitoline was a bar and restaurant crowded with patrons both inside and outside. In his brief before us, defendant concedes that he and the officer engaged in "a spirited and unpleasant" exchange and that he referred to Officer Lawson as a "house n[****]" and "white mother[****]" and remarked that he "felt sorry for him."

Officer Lawson advised defendant to leave the area and he did, only to return moments later, where he continued making similar remarks to the officers. Officer Lawson then arrested defendant and charged him with disorderly conduct under N.J.S.A. 2C:33-2(a)(1) for improper behavior that disrupted the public.

2

At the ensuing municipal court trial, Officer Lawson, the State's sole witness, testified he and another officer were directly outside of the bar on patrol when he observed defendant arguing with another individual over being allowed to go back into the bar.

When defendant encountered the officers, he began spewing disparaging racial epithets. Officer Lawson described this interaction as "obnoxious" and "belligerent," and asked defendant to leave at least four times. Officer Lawson testified defendant was "clearly intoxicated." He stated his speech was slurred, and his behavior drew the attention of bystanders waiting outside the bar, and he began to walk away but soon returned, continuing to address the officers in a loud and agitated manner, pointing and making additional remarks.

After repeated refusals to depart and continued disruptive conduct, Officer Lawson placed defendant under arrest for disorderly conduct. Lawson's body-worn camera captured the encounter, including the interaction with the crowd and the dynamics of the conversation.

On cross-examination, Officer Lawson was asked whether defendant acted with a purposeful or reckless state of mind, and whether he was engaging in a "public and tumultuous" behavior necessary under the statute. Defendant

3

argued that his remarks constituted protected speech under the First Amendment.

The judge, however, rejected defendant's contentions and found him guilty of disorderly conduct. The judge reasoned that even though the speech used was offensive, the case was not solely a First Amendment issue because it was defendant's overall behavior and conduct, including his confrontation with the officers and drawing public attention, all of which amounted to "tumultuous behavior" within the meaning of the statute.[1] Defendant appealed the municipal court's ruling, which was assigned to Judge Michael Guadagno in the Law Division.

Following a de novo review, Judge Guadagno found defendant guilty and issued an eleven-page decision. The court found Officer Lawson's testimony credible and determined that the body-worn camera footage corroborated the account of public disturbance, intoxication, and persistent disregard of police orders.

In his legal analysis, Judge Guadagno distinguished defendant's conduct from the facts of State v. Stampone. See 341 N.J. Super. 247, 249-55 (App. Div.

---

[1] The municipal court imposed a fine of $157, $33 in court costs, a $50 Victims of Crime Compensation Board penalty, and a $75 Safe Neighborhood Services Fund assessment.

A-0982-24

2001) (emphasizing that disorderly conduct under N.J.S.A. 2C:33-2(a)(1) requires public and tumultuous behavior, specifically conduct that creates public inconvenience, annoyance, or alarm).  The trial court found that unlike the defendant in Stampone, where no member of the public was disturbed, defendant's actions occurred in a crowded public setting and attracted the attention of bystanders.  The court also found that "defendant's use of racially charged language served 'no legitimate purpose' and recklessly risked causing public inconvenience, public annoyance, and public alarm by creating a physically dangerous condition."  The court also rejected defendant's assertion that his actions were not purposefully, and instead concluded his actions were intentional that "offend[ed] the sensibilities of both officers."

This appeal followed.  Defendant raises the following points for our consideration:

> POINT I:  THE DEFENDANT'S ACTIONS DID NOT VIOLATE THE STATUTE.
>
> > A.    STATE FAILED TO PROVE THAT CONDUCT WAS PURPOSEFUL.
> >
> > B.    STATE FAILED TO PROVE THAT CONDUCT WAS RECKLESS.
> >
> > C.    STATE FAILED TO PROVE PUBLIC AND TUMULTUOUS BEHAVIOR.

5

POINT II: DEFENDANT WAS DENIED DUE PROCESS.

II.

When the Law Division conducts a trial de novo on the record developed in the municipal court, "[o]ur review is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court." State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005) (citing State v. Johnson, 42 N.J. 146, 161-62, (1964)).

Further, when the Law Division agrees with the municipal court, the two-court rule must be considered. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Reece, 222 N.J. 154, 166 (2015) (quoting State v. Locurto, 157 N.J. 463, 474 (1999)).

To establish a disorderly conduct violation of N.J.S.A. 2C:33-2(a)(1), the State must prove beyond a reasonable doubt that the defendant engaged in improper behavior "with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . ." For a defendant to achieve a "purposeful" state of mind, they must act with the "conscious object" to engage

6

in conduct of that nature or to cause such a result. N.J.S.A. 2C:2-2(b)(1); see also Stampone, 341 N.J. Super. at 253-54 (emphasizing how purposeful conduct is integral of N.J.S.A. 2C:33-2(a)). Determining whether the defendant acted purposefully is a question of fact based on all the circumstances, including direct testimony and credible evidence. State v. Young, 57 N.J. 240, 258 (1970).

Before us, defendant avers the record contains no evidence that his conduct was purposeful with the specific intent to cause public inconvenience, annoyance, or alarm, as required under N.J.S.A. 2C:33-2(a)(1). He contends that his comments, while offensive, could have alternative explanations and that the evidence failed to exclude hypotheses of innocence. He adds that the prosecutor's shifting references to "purposeful" versus "reckless" conduct show the State did not prove state of mind beyond a reasonable doubt.

We reject defendant's arguments as meritless and affirm defendant's convictions and sentence based upon Judge Guadagno's thorough and well-reasoned decision. Judge Guadagno reviewed the municipal court record, consisting of Officer Lawson's testimony and evidence adduced from his body-worn camera, and concluded "Officer Lawson's testimony was thoroughly corroborated by the video from his bodycam." The judge next reviewed the relevant law including Stampone, cited by defendant for the proposition that

7

disorderly conduct under N.J.S.A. 2C:33-2(a)(1) requires more than mere offensive language or a private dispute with police.

Judge Guadagno correctly distinguished Stampone from the present case, when he concluded the evidence adduced at trial "provid[ed] indisputable proof that the area outside Capitoline was a 'public place' as defined by the statute and that defendant's actions attracted the attention of some of those in the crowd." He further noted defendant's language was offensive and distasteful and rejected his contention that defendant's language did not rise to the level of tumultuous behavior.

We are thus satisfied that the record in this case establishes that defendant caused public inconvenience and annoyance by his threatening conduct and that such behavior constitutes disorderly conduct under N.J.S.A. 2C:33-2(a)(1).

To the extent we have not addressed any of defendant's remaining arguments, we discern they are without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

8

A-0982-24